UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,              CRIMINAL ACTION NO. 12-cr-20565-03

      v.                          DISTRICT JUDGE JOHN CORBETT O'MEARA

DEONTE BELL,                MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO PRODUCE AGENT'S NOTES AND REPORTS FROM INTERVIEWS WITH COOPERATING WITNESSES [158]**

This matter comes before the Court on Defendant Deonte Bell's Motion to Produce Notes and Reports from Interviews with Cooperating Witnesses. (Docket no. 158.) Plaintiff United States of America (the "Government") responded to Defendant's Motion. (Docket no. 168.) The Motion has been referred to the undersigned for consideration. (Docket no. 160.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    BACKGROUND**

Defendant is charged with conspiracy to possess with intent to distribute a controlled substance. (Docket no. 15.) He claims that the Government's case against him "is based largely on the statements of the cooperating witnesses, each of whom will have a strong incentive to color their trial testimony to help the Government in order to receive a reduction in their sentence." (Docket no. 158 at 1.) Through his Motion, and in reliance on the Jencks Act, 18

U.S.C. § 3500(b), Defendant asks the Court to order the Government to "produce the notes and reports from all interview with cooperating witnesses." (*Id.* at 2.)

As a preliminary matter, the Court notes that Defendant fails to indicate in the Motion that he sought concurrence from the Government prior to filing the Motion in accordance with Eastern District of Michigan Local Rule 7.1(a). "Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District." *United States v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. Mar. 26, 2009). While the Court is inclined to deny Defendant's Motion on this basis, the Court will instead decide the Motion on the merits.

## II.     GOVERNING LAW & ANALYSIS

"There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Rather, the discovery available to a criminal defendant is generally limited to those areas set forth in Federal Rule of Criminal Procedure 16 as well as to material whose disclosure is required under *Brady v. Maryland*, 373 U.S. 83 (1963) and the Jencks Act, 18 U.S.C. § 3500. *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988). Here, Defendant relies solely on the Jencks Act.

The Jencks Act, 18 U.S.C. § 3500, "generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). The defendant "is only entitled to the statement after the witnesses has testified." *Id.*; *see also* 18 U.S.C. § 3500(a) ("no statement or report in the possession of the United States which was made by a Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case").

Defendant is not entitled to the materials he seeks at this time. His jury trial is scheduled to commence on May 23, 2017. (Docket no. 165 at 3.) Clearly, none of the government's witnesses have "testified on direct examination." 18 U.S.C. § 3500(a).

Moreover, as the government points out in its brief, witness statements are defined in the Jencks Act as (1) written statements "signed or otherwise adopted" by the witness, (2) recordings or verbatim transcripts of oral statements that are "recorded contemporaneously with the making of such oral statement," and (3) statements or transcripts of statements made to a grand jury. 18 U.S.C. § 3500(e). The Sixth Circuit has held that "a government report or notes of a witness' statement must be produced 'if the notes from the interview were read back to and verified by the witness and if the report summarized the notes without material variation." *U.S. v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993) (known as the "Adoption Test"). Therefore, even if Defendant's request were timely, it is not entirely clear that the materials Defendant seeks—"notes and reports from all interviews with cooperating witnesses"—fall under the ambit of the Jencks Act. Defendant explains that "[w]hat the Government [has] produced so far are numerous pages of DEA 6's referring to 'debriefings' of the cooperating witness. The Government has not turned over the interview reports which reflect the actual oral statements of the witnesses and which the agents used to produce this prepared statement." (Docket no. 158 at 2.) Defendant does not, however, allege that these "actual oral statements" were adopted or approved by the cooperating witnesses.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that Defendant is not entitled to an order compelling the Government to produce the notes and reports from all interviews with cooperating witnesses.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Produce Agent's Notes and Reports from Interviews with Cooperating Witnesses [158] is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:   March 7, 2017            s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated:  March 7, 2017             s/ Lisa C. Bartlett
                                  Case Manager