UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.

                                      Case No. 12-cr-20565
                                      District Judge Paul D. Borman

DEONTE BELL,

        Defendant.
_____/

**ORDER DENYING DEFENDANT DEONTE BELL'S EMERGENCY
MOTION FOR COMPASSIONATE RELEASE/HOME CONFINEMENT
(ECF NO. 279)**

On May 9, 2020, Defendant Deonte Bell filed a *pro se* Motion seeking release/home confinement, and seeking appointment of counsel. (ECF No. 279.) Defendant requests relief under 18 U.S.C. § 3582(c)(1)(A), the CARES Act, and Attorney General Barr's Memorandum concerning COVID-19. (ECF No. 279, Page ID 1324.) The Court has granted his request for appointment of counsel.

The Government does not contest that Bell has exhausted his administrative remedies. (Government Response, ECF No. 282, Page ID 1504.)

Defendant's Motion states that he pled guilty on May 23, 2017, to conspiracy to possess with intent to distribute a controlled substance [PCP], and was sentenced on March 6, 2018, to 96-months imprisonment.

Bell's Presentence Report "Offense Conduct" section states that on at least eight occasions, from 2009 through 2011, on a monthly basis, he purchased and

1

distributed large quantities of PCP, ranging from 16-64 ounces. "The Rule 11 Agreement in this case stipulates for Guideline calculation purposes, the Defendant will be held accountable for at least three kilograms of PCP." (PSR, 8/9/2017 at p. 8, ¶ 17.)

Bell began serving his sentence on May 22, 2018, just over two years ago. He is incarcerated at FCI-Elkton, Ohio. (ECF No. 279, Page ID 1325.)

Defendant states that he is 37 years old, "under treatment for Nerve Damage and Obesity, and is undergoing medication treatment of DULoxetine." (ECF No. 279, Page ID 1326.) Defendant contends that if he tests positive for COVID-19 in prison, these "chronic underlying medical issues exacerbate and increase the risk of death to Defendant, according to the Centers for Disease Control." Defendant further contends that he has an available release residence with his wife in Country Club Hills, Illinois, and an available employment opportunity. (*Id.*)

Attached to Defendant's *pro se* Motion is his Bureau of Prisons Inmate Education Data Transcript, dated February 17, 2020, setting forth his Education Courses that include, *inter alia*:

> Abdominals
> Jump Rope (2 times)
> Spinning (3 times)
> Stretching

(ECF No. 279, Page ID 1349-51.) Also attached is a subsequent BOP Inmate Education Data Transcript dated 4/19/2020, that lists "spinning" as "current", and

also repeats his courses in 2020; Jump Rope, Abdominals. (Page ID 1320.) In a letter to the BOP, attached to Bell's Motion, Pastor Vince Hinton, notes that Bell "is also a fitness cycle instructor." (ECF No. 279, Page ID 1347).

On June 8, 2020, Defendant's court-appointed counsel filed a "Supplemental Brief in Support of Mr. Bell's Motion for Compassionate Release", noting that FCI-Elkton is a coronavirus "hot spot." (ECF No. 280, Page ID 1354.)

On June 23, 2020, the Government filed a "Response Opposing the Defendant's Motion for Compassionate Release." (ECF No. 282.) The Government noted that Defendant's instant conviction was for distributing multi-kilogram quantities of liquid PCP (Phencyclidine), in a drug trafficking conspiracy reaching from Los Angeles to Chicago, and then to Detroit.

The Government notes that this conviction is Bell's fourth, his third relating to drugs, and that his advisory Sentencing Guideline Range in this case was 108 to 135 months; he received a below-guideline sentence of 96 months.

The Government points out that since Defendant Bell began serving his eight-year sentence just over two years ago, he has served about one quarter of his sentence.

The Government contends that Defendant Bell, who is participating in spinning, jumping rope, and stretching classes, even if he is 5' 9" tall and weighs 220 pounds, is quite healthy.

The Government notes that Bell's fitness regimen since entering prison--spinning, jumping rope and stretching--has resulted in a significant weight loss. According to his Presentence Report (PSR) Bell weighed 250 pounds in 2017, but by February 2019, his weight was down to 220 pounds. His BMI has dropped from 36.9 to 32.5-33.1. (ECF No. 282, Page ID 1509.) The Court recognizes that the CDC has identified a BMI of 30 or higher as a high-risk factor if infected with COVID-19. The Court notes, however, that Defendant's BMI score has dropped to the lower 30's, and that he is physically active and quite healthy.

The Government sets forth the legal impediments to granting Defendant's Motion:

> Bell does not qualify for compassionate release because he does not satisfy the substantive, statutorily mandated requirements. Section 3582(c)(1)(A) requires that such release be consistent with the Sentencing Commission's policy statements, and Bell's failure to meet the criteria in U.S.S.G. § 1B1.13 alone, forecloses release. (*Id*., Page ID 1488.)
>
> …
>
> Additionally, as a previously, frequently armed, repeat drug trafficker, who distributed large quantities of an extremely toxic and--literally--hazardous controlled substance in his community, Bell's offense and criminal history reveal he is a danger to the community which precludes release under U.S.S.G. § 1B1.13(2).
>
> Lastly, the § 3553(a) factors--which the Court must also consider under § 3582(c)(1)(A) and [Sentencing

4

> Guideline] 1B1.13--likewise do not support Bell's release in light of the serious nature of his offense, the need for deterrence, and the need for just, equitable punishment.

(*Id.*, Page ID 1489.)

The Government notes that as recently as May 22, 2020, Bell has tested negative for the COVID-19 virus. (*Id.*, Page ID 1492.)

In addition to Defendant's "Supplemental Brief in Support of Mr. Bell's Motion for Compassionate Release filed on 6/8/2020 (ECF No. 280)," Defendant filed a post-Government-Response "Supplemental Reply Brief in Support of Mr. Bell's Motion for Compassionate Release" (ECF No. 285, Page ID 1650), noting that "On June 25, 2020 the CDC updated the list of underlying conditions that place an individual at a severe risk of illness if infected with COVID-19--a BMI of 30 or more." (Defendant's Supplemental Reply Brief, ECF No. 285, Page ID 1650.) Defendant contends that Bell's nerve condition also makes him vulnerable if he were to test positive for COVID-19.

Defense counsel concludes: "Mr. Bell is not seeking a sentence of time served but rather a request to complete his sentence in home confinement." (ECF No. 285, Page ID 1653.)

In *Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020), which dealt with COVID-19 at FCI-Elkton, the Court of Appeals noted, in vacating the District Court's preliminary injunction directing the BOP to follow the Judge's orders, that

5

since January 2020 the Bureau of Prisons has implemented a "phased approach nationwide" implementing an increasingly strict protocol to minimize the virus's spread in its facilities. (*Id.* at 833.) The Sixth Circuit concluded that the actions of the BOP to reduce the COVID-19 risk demonstrate the opposite of a disregard of a health risk under the Eighth Amendment: "The BOP has not shown…deliberate indifference." (*Id.*, at 843.) "The BOP's steps to prevent and mitigate COVID-19 spread at Elkton are likely reasonable responses to this serious risk." (*Id.*, at 844.)

This Court notes that a recent District of Columbia District Court opinion provided by Defendant, rejected an institution-based COVID-19 prison-environment claim, finding that the institution-based claim would not support a sentencing reduction: "A generalized risk to the prison population as a whole" is not sufficient to establish an extraordinary and compelling reason. (ECF No. 285-2.) *United States v. Powell*, Crim. N.O. 05-0061, District of Columbia (Judge Huvelle), June 18, 2020. (Slip op., pp. 4-5, n.5.)

Judge Huvelle concluded however, that Defendant Powell who had been imprisoned for over 15 years of his mandatory minimum 20-year sentence (2 years remaining) qualified for compassionate release because his degenerative neurological peripheral nerve disorder, Charcot-Marie-Tooth disease, in combination with a history of mental illness increased his risk for severe complications from COVID-19, and therefore constituted an extraordinary and

6

compelling reason for his release. The Court emphasized that this defendant's health had degenerated to the point where he may not even be able to work upon his release. (Slip op., p. 8.) That is not the case with Defendant Bell.

The Court notes that Defendant Bell's Presentence Report (PSR) stated that in January 2016 he was shot in the left thigh, damaging his sciatic nerve, that he has "recurring pain in his left leg and suffers from numbness in his left toes and foot. The Defendant takes over-the-counter pain and prescription medications as needed." (PSR, pp. 13-14.)

The Court concludes, that in this case, neither Defendant Bell's weight and/or nerve condition constitute an "extraordinary and compelling reason" to support early release/home confinement, given his nerve treatment by medication and his well-documented athletic regimen at FCI-Elkton.

The Court notes that in *United States v. Kincaid*, 805 F. App'x 394, 395-96 (6th Cir. 2020), the Sixth Circuit approved a District Court's consideration of the percentage of sentence served (here about one quarter of his sentence) in its required discussion of the 18 U.S.C. § 3553(a) factors, to-wit, providing just punishment, affording deterrence to criminal conduct, and protecting the public from further crimes of the defendant. Consideration of Defendant Bell's applicable 18 U.S.C. § 3553(a) factors, establish a very serious offense, a need to provide just

7

punishment, a need to deter similar criminal conduct, and a significant need to protect the public from further crimes of Defendant Bell.

Accordingly, the Court denies Defendant Bell's Motion for Compassionate Release/Home Confinement.

SO ORDERED.

DATED: July 20, 2020                    s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE